1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

QUILBILLIES LLC, et al.,

            Plaintiff,

 v.

FIRST AMERICAN TITLE
INSURANCE COMPANY,

            Defendant.

CASE NO. C24-5246 BHS

ORDER

13
14
15
16
17
18
19

THIS MATTER is before the Court on plaintiffs Quilbillies, Stern, and Fuller (Quilbillies') motion for reconsideration, Dkt. 42, of the Court's Order, Dkt. 40, granting defendant First American's motion for summary judgment, Dkt. 15, and dismissing Quilbillies' contractual and extracontractual claims with prejudice. Quilbillies asserts the Court erred in dismissing its extracontractual claims based on its conclusion that First American did not breach the policy by paying them policy limits and declining to defend a subsequent quiet title lawsuit.

20
21
22

ORDER - 1

The Court invited First American to respond under LCR 7(h), Dkt. 44, but before it did so (and before the Court ruled on the motion) Quilbillies appealed the Court's Order dismissing the case. Dkt. 45.

When a party seeks relief the Court lacks authority to grant because the case is on appeal, the Court may defer considering the motion, deny the motion, or provide an indicative ruling informing the appellate court that it would grant the motion if the case was remanded for that limited purpose. *See* Federal Rule of Civil Procedure 12.1.

Motions for reconsideration are disfavored and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling or (b) facts or legal authority that could not have been brought to the court's attention earlier with reasonable diligence. *See* Local Rule 7(h)(1); *see also Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."). The term "manifest error" is "an error that is plain and indisputable and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration should not be used to ask a court to rethink what the court has already thought through, whether rightly or wrongly. *See Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995).

Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *See Haw. Stevedores, Inc. v. HT & T Co.*, 363 F.Supp.2d 1253, 1269 (D. Haw. 2005). Whether or not to grant reconsideration is committed to the sound discretion of the Court. *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Quilbillies argues that the Court's Order "conflicts with Washington law stating that policyholders have a cause of action for breach of the duty of good faith even if there is not coverage." Dkt. 42 at 4.

This assertion is incorrect and inapposite for several reasons. First, the Court did not conclude or state that every extracontractual tort claim is necessarily defective in the absence of coverage. Instead, it acknowledged that viable "procedural" bad faith claims *may* exist in the absence of coverage. *See* Dkt. 40 (citing *St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.*, 165 Wn.2d 122, 129 (2008)).

Second, and in any event, First American did not argue and the Court did not hold that Quilbillies' bad faith claims failed because there was "no coverage." Quilbillies' claim was covered under the policy, and First American elected to **pay it in full**, as the policy plainly permitted it to do. Quilbillies' complaint asserts that the election (and the subsequent denial of any *further* contractual obligation to defend) was nevertheless a breach of the contract. Dkt. 1 at 13 ¶ 77. The Court dismissed the claim because paying policy limits under the contract in the face of a covered claim is not a breach of the contract. Dkt. 40 at 6–9.

ORDER - 3

1    In support of its extracontractual claims, Quilbillies' complaint similarly alleges
2 that First American "failed to perform a full and fair investigation of the claim and has
3 denied the benefits to which plaintiffs are entitled *under their policies*," Dkt. 1 at 11 ¶ 67,
4 and that it "it unreasonably *denied coverage or payment of benefits* and therefore violated
5 IFCA," *id*. at 15 ¶ 105 (emphasis added). In short, Quilbillies' extracontractual claims are
6 based on First American's exercise of contractual right in the face of a covered claim.
7 Quilbillies alleged that it was bad faith to pay the limits and then refuse to defend their
8 neighbors' subsequent lawsuit.

9    First American's summary judgment motion put on Quilbillies the burden to
10 demonstrate (not simply allege) that, even if did not breach the contract, First American
11 handled its claim unreasonably and that Quilbillies was actually damaged as the result.
12 *See Onvia*, 165 Wn.2d at 134. It failed to do so. Its claim that the Court's dismissal was
13 error because "First American's failure to produce any evidence creates an issue of
14 material fact as to First American's WAC violations (and the extracontractual claims they
15 support)" is not a correct reading of the summary judgment standard.

16    Summary judgment is proper "if the pleadings, depositions, answers to
17 interrogatories, and admissions on file, together with the affidavits, if any, show that
18 there is no genuine issue as to any material fact and that the moving party is entitled to a
19 judgment as a matter of law." Federal Rule of Civil Procedure 56(a). The rule's "plain
20 language" mandates the entry of summary judgment, after adequate time for discovery
21 and upon motion, against a party who fails to make a showing sufficient to establish the
22 existence of an element essential to that party's case, and on which that party will bear

ORDER - 4

the burden of proof at trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Indeed, Quilbillies' own evidence demonstrates the falsity of its conclusory claim that First American "denied plaintiffs allegations." Dkt. 42 at 7. First American responded to each of Quilbillies' inquiries, Dkt. 27, and its letter enclosing a check for the policy limits explained both why it was accepting and paying the claim—First American admitted it failed to "except" from Quilbillies' title the easement that is the subject of the state lawsuit—and why that payment terminates any ongoing obligations under the policy. Dkt. 27-6.

Finally, Quilbillies argues, again, that First American acted in bad faith by electing to pay it policy limits instead of defending the subsequent lawsuit. Dkt. 42 at 6. Quilbillies' motion asserts that First American "filed the underlying lawsuit against them on November 4, 2022." Dkt. 42 at 6.

This is factually incorrect—First American is not a plaintiff (nor a defendant) in that case. Dkt. 27-2. It is also legally irrelevant. First American's obligations to the plaintiffs in this case terminated with its policy limit payments on March 12, 2022, Dkt. 27-6, and September 20, 2022, Dkt. 27-11, as a matter of law. Quilbillies concedes it

seeks First American's defense of a lawsuit filed later, in November 2022. Dkt. 42 at 6. But by that time, First American no longer owed plaintiffs any duties under their policies. *Batdorf v. Transamerica Title Ins. Co.*, 41 Wash. App. 254, 258 (1985)).

Quilbillies' only evidence in support of its extracontractual claims is the fact that First American recognized its error, elected to pay policy limits, and refused to defend the subsequent lawsuit. It has provided no authority for the proposition that exercising this contractual right was nevertheless bad faith, and there is none.

Plaintiffs' motion for reconsideration, Dkt. 42, is **DENIED**. The case remains closed.

**IT IS SO ORDERED**.

Dated this 30th day of January, 2025.

BENJAMIN H. SETTLE
United States District Judge